FILED



JUL 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GERALYN WARD-DAVIS,

                Plaintiff - Appellant,

  v.

JC PENNEY LIFE INSURANCE
COMPANY, a foreign insurer and
STONEBRIDGE LIFE INSURANCE
COMPANY, a foreign insurer,

                Defendants - Appellees.

No. 10-35971

D.C. No. 3:09-cv-05637-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted July 15, 2011
Seattle, Washington

Before: GILMAN,[**] CLIFTON, and N.R. SMITH, Circuit Judges.

    Geralyn Ward-Davis appeals the district court's grant of summary

judgement to Stonebridge Life Insurance Company. We affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Ronald Lee Gilman, Senior Circuit Judge for the Sixth
Circuit, sitting by designation.

"An insurance policy provision is ambiguous when it is fairly susceptible to two different interpretations, both of which are reasonable." *Lynott v. National Union Fire Ins. Co.*, 871 P.2d 146, 152 (Wash. 1994). Before the district court, Plaintiff failed to put forth any reasonable interpretation of Exclusion 7 other than the one adopted by the district court. Plaintiff's assertion that reading Exclusions 7 and 3 together prevents Exclusion 7 from precluding coverage is unavailing for several reasons. First, Exclusions 7 and 3, as interpreted by the district court, do not conflict. Exclusion 3 merely disallows coverage when the covered individual is taking drugs, unless they are prescribed by a doctor; it does not guarantee coverage for anyone who suffers an accidental death while taking prescription drugs. Exclusion 7 may therefore still operate in a case where the covered individual is on prescription drugs. Even if they did conflict, exclusions do not need to be harmonized with each other. *Harrison Plumbing & Heating, Inc. v. New Hampshire Ins. Group*, 681 P.2d 875, 880 (Wash. App. 1984). Moreover, "[e]xclusion clauses do not grant coverage; rather, they subtract from it." *Id.*

In the absence of any reasonable, alternative interpretation of Exclusion 7 put forth by Plaintiff, the district judge did not err in concluding that Exclusion 7 excluded coverage for Mr. Ward's death. Accordingly, we affirm.

AFFIRMED.